**Tyree Watson, Appellee, v. Eula Watson, Appellant.**
**Gen. No. 46,893.**

First District, Second Division.
June 26, 1956.
Released for publication September 11, 1956.

Prescott, Burroughs, Taylor & Carey, of Chicago, for appellant; Euclid Louis Taylor, and Howard T. Savage, both of Chicago, of counsel.

No brief filed for appellee.

JUDGE SCHWARTZ delivered the opinion of the court.

Tyree Watson sued his wife Eula for divorce and the matter was heard as an uncontested divorce case January 28, 1955. At the conclusion of the hearing the court directed the plaintiff to present his decree which, in the vernacular of the practice, meant that, without conclusively being committed thereto, the court considered the evidence was sufficient and that he would sign the decree if properly presented with an accompanying certificate of evidence. On February 4, 1955, the court signed the decree presented to it. It appears, however, that Eula Watson had married again on February 3, 1955, on the assumption that the divorce had been granted January 28th. On October 1, 1955, Tyree Watson filed a petition stating it was through error that the decree was not presented for signature until February 4, 1955, and, setting forth the facts before stated, prayed the court to amend and correct its records to show that the decree was granted nunc pro tunc as of January 28, 1955. A stipulation between Tyree and Eula Watson as to the entry of such an order was presented at the same time. Thereupon, on October 1, 1955, the court entered the nunc pro tunc order and

197

therein found that "judgment was granted and order entered on January 28, 1955, and from examination of the minutes of this Court, it appears that the said judgment was rendered on said date."

On October 29, 1955, one Lewis Sawyer, the new husband of Eula Watson, filed a petition charging that the court was without jurisdiction to enter the amended order and that the sole purpose thereof was to influence the outcome of a separate maintenance suit filed by Eula Watson against him. This was presented by his attorney Richard L. Vaughns upon a motion that he be given leave to appear in the case as amicus curiae. Objections were filed to the granting of leave to Sawyer to appear as such amicus curiae, and a motion to dismiss the petition was made by attorneys on behalf of Eula Watson. The court denied the motion for leave to appear as amicus curiae and then stated:

"The court having further examined the record upon its own motion as to legality and effect of order entered herein on October 1, 1955, finds as a matter of law that the Court was without·jurisdiction to enter said Order and that the legal question as to the effective date of said Decree is a matter of law as determined by the original record in said cause."

Thereupon the court set aside the order of October 1, 1955. The court further denied the motion to vacate that order. An appeal was thereupon taken by Eula Watson to this court. No brief has been filed in this cause by anyone other than Eula Watson.

■ The case of Moore v. Shook, 276 Ill. 47, is substantial precedent for the validity of the order of October 1, 1955. In that case a bill for divorce was filed in Alton, Illinois, in September 1911 by Isaac Moore. An order of default was entered and a hearing had December 2, 1911. At the close of the hearing the judge announced orally that the divorce was granted and on his docket wrote the following:

198

"Cause heard. Court finds deft. guilty of extreme and repeated cruelty. Decree for divorce to complainant. Costs to Complainant."

The court then ordered a decree prepared in accordance with this finding but the formal written decree was not approved until December 15, 1911, and was not filed by the clerk until December 16, 1911. On December 9, 1912, being more than a year after the oral announcement of the decree, but less than a year from the signing of the written decree, Moore married the plaintiff. This was at the time marriage within one year was prohibited. The bill filed by his widow alleged that Moore died in 1914 and that his daughter was attempting by proceedings in the Probate Court to have the plaintiff declared not to be a surviving heir on the ground that the marriage was within one year of the divorce and therefore void. The plaintiff alleged that both she and her husband had believed the divorce had been granted December 2, 1911, when the oral announcement was made in open court and prayed that the decree be amended so as to show its entry as of the date when the evidence was heard and the court's decision pronounced. The trial court found against the plaintiff and on appeal the Supreme Court reversed the trial court. The Supreme Court held that while the mere oral announcement of a decision to enter the decree still left the matter entirely under the control of the court, nevertheless the trial court in the original divorce proceedings could change its record to show the final decree as having been effective on the date the hearing was held. The court said:

"Without doubt, the date of the decree would have been entered as of December 2, 1911, even though the written document had not been presented to the judge until December 16, if the request had been made at that time to have it so entered or if the document as so presented had stated that it was entered December 2. Dur-

ing Dr. Moore's lifetime, had he filed a petition subsequent to the term at which the decree was granted to have the date changed and have it entered as of December 2, 1911, instead of December 16, the court, on proper notice to the interested parties, would have been justified in making such change."

■ We must assume that the court in entering the order of October 1, 1955 in the instant case did so advisedly. However, the only way in which this order could have been corrected was not on its own motion made as it was on November 16, 1955, but in some proper proceeding in which all interested parties had notice. In Ernst Tosetti Brewing Co. v. Koehler, 200 Ill. 369, the court said, p. 372:

"No error of law of any kind will justify revising or annulling a decree at a subsequent term in a summary way on a motion, but relief against it must be obtained by appeal or writ of error if the error is apparent on the face of the record, and if not, by bill of review or bill to impeach the decree for fraud or other sufficient cause."

The order of October 1, 1955, was valid. The order of November 16, 1955, is reversed.

Order reversed.

McCORMICK, P. J. and ROBSON, J., concur.