Refiners Petroleum, Inc., an Illinois Corporation, Plaintiff-Appellee, v. White Water Petroleum Terminals, Inc., an Illinois Corporation, Defendant-Appellant.

### Gen. No. 50,280.

First District, Third Division.

September 23, 1965.

John B. Angelo, of Chicago (Milliken, Vollers & Parsons, of counsel), for appellant.

Vincent R. Ewald, of Chicago (Brown, Stine & Cook, of counsel), for appellee.

MR. JUSTICE SULLIVAN delivered the opinion of the court.

This involves an appeal from an order of the Municipal Court of Chicago, First Municipal District of the Circuit Court of Cook County, vacating the dismissal of plaintiff's claim and vacating the judgment in favor of the defendant on a counterclaim. The petition was filed more than thirty days after the entry of the dismissal and judgment order.

The plaintiff was the owner of certain fuel oil which was stored in a tank owned by the defendant under a written lease for one year which provided for rental of ¼ of one cent per gallon for each gallon of oil passing through the tank, with a guarantee of four (4) "thruputs" during the one year term of the lease. The defendant owned and leased the tank to the plaintiff. Plaintiff requested defendant to waive further rent during the term of the lease, which request was refused by the defendant. Thereupon, defendant and plaintiff entered into a written agreement whereby plaintiff would sell and defendant would purchase the remaining oil in the tank, which was estimated, at a fixed price per gallon. Plaintiff also agreed to pay the defendant the fixed rent in arrears and the lease would be terminated in mid-term without further liability of plaintiff for future rents. The purchase price of the oil was to be adjusted and an additional amount paid or refund made, dependent upon an inventory of oil in the tank to be made by Charles Martin & Co., an independent petroleum inspector. The defendant paid the plaintiff the purchase price based upon the estimated quantity of oil in the tank.

The plaintiff brought this action on October 31, 1960, claiming that there had been more oil in the tank

48

than the quantity estimated or inventoried by Charles Martin & Co., and sued the defendant for the additional oil. Defendant denied plaintiff's claim and, based on the inventory of Charles Martin & Co., filed a counterclaim in three counts: first, claiming the balance of rent due for the remainder of the term as reduced by certain amounts recovered on re-renting the tank, on the theory that upon plaintiff's failure to carry out the agreement its liability for rent for the tank continued. The claim under this count amounted to $10,741.48. The second count of the counterclaim claimed a refund in the purchase price for the difference between the estimated quantity of oil purchased and the actual quantity shown by the Charles Martin & Co. inventory. This count sought recovery of $872.55. Count three of the counterclaim, as an alternative to the first and second counts, claimed the unpaid rental due under the lease to the time the oil was purchased and a refund for the difference between the estimated quantity of oil purchased and the actual quantity shown by the Charles Martin & Co. inventory. The amount claimed in this count was $1808.16.

The plaintiff filed a defense to the counterclaim of defendant and defendant thereafter filed a reply. All pleadings were filed by March 23, 1962. Thereafter there were thirteen delays in the trial, including five continuances, two defaults for want of prosecution, followed by two reinstatements of the case, and two delays caused by reassignment of the case to other courtrooms.

On January 10, 1964, the court set a final trial date, after vacating a default for want of prosecution. The case was set for trial on April 21, 1964. The stipulation between the parties to vacate the default for want of prosecution also provided that the case might be set for trial without further notice to either party.

On January 20, 1964, defendant's counsel wrote plaintiff's counsel notifying him that the case had been set for April 21, 1964. On the day the case was set for trial, April 21, 1964, defendant's counsel appeared, and when plaintiff's counsel failed to appear, moved the court to continue the trial for any period of time, even if for only one day, to give all parties the opportunity to appear with their witnesses for trial. The court denied this motion and dismissed plaintiff's statement of claim for want of prosecution, and the court proceeded to hear evidence in support of defendant's counterclaim under count 3 and entered a judgment by default in favor of the defendant and against the plaintiff in the amount of $1613.69. Thereafter, on May 21, 1964, within thirty days after the entry of the judgment, plaintiff moved to vacate the order dismissing its statement of claim and also moved to vacate the judgment by default entered in favor of the defendant. The motion of the plaintiff was supported by an affidavit of plaintiff's counsel which offered as an excuse for his failure to appear at the call of the case his illness caused by overwork. This motion by plaintiff was denied by the trial court. Thereafter, on October 26, 1964, more than thirty days after the default judgment and dismissal for want of prosecution, plaintiff filed its petition under section 72 of the Civil Practice Act to vacate the judgment of default and to vacate the order dismissing the claim for want of prosecution. This petition was supported by an affidavit of plaintiff's counsel. Defendant filed a motion to strike said petition and also filed a counteraffidavit. Plaintiff filed a further affidavit in reply to defendant's counteraffidavit.

On October 26, 1964, the same day on which the petition to vacate was filed, the court entered an order vacating the judgment of April 21, 1964, and reinstating the cause for trial.

After the denial of plaintiff's first motion to vacate, which was filed within thirty days after the entry of judgment, the plaintiff filed a notice of appeal from the ruling of the trial court denying the petition to vacate the orders entered on April 21, 1964. By stipulation dated July 7, 1964, the parties agreed to the dismissal of that appeal. The stipulation of July 7, 1964, was presented to the trial court together with the section 72 petition of the plaintiff filed on October 26, 1964.

In support of the petition filed on October 26, 1964, attorney Vincent R. Ewald stated that he was a member of the law firm of Brown, Stine & Cook; that he is the attorney of record for the plaintiff and had been the only attorney in said firm with any knowledge of the course of the proceedings, and that no other member of the firm had any knowledge or familiarity with the proceedings; that since about April 1, 1964, he had suffered from illness resulting in only occasional appearances at his office; that from April 16, 1964, to the date of the affidavit, which was June 26, 1964, he had made only two appearances at his office, on April 29 and April 30, and that he commenced a trial before Judge Sparing, which trial was recessed to June 2, 1964, due to his inability to proceed. That from May 4, 1964, to May 10, 1964, he was confined at the Chicago Osteopathic Hospital; that tests indicated that his illness was extreme exhaustion, spastic colitis and a cyst in one kidney, apparently resulting from overwork for the past year; that he had been devoting about ninety hours per week to his work during that period. He further stated that he had been unable to attend to details of his practice of law since his release from the hospital on May 10, 1964, and had remained at his home pursuant to medical advice. He further set forth that he did not answer the call of the case on April 21, 1964, and that no notice was given by counsel for de-

fendant and counter-plaintiff on or before that date, which had been customary in prior course of proceedings in this case. He further stated that he believed that the order entered on April 21, 1964, in this case unduly prejudiced the rights of the plaintiff through no fault of the plaintiff. The affidavit concludes "that the plaintiff and counterdefendant has a meritorious defense to the counterclaim on which judgment was entered and a good cause of action under the original complaint."

The petition of the plaintiff merely requests the court to vacate its orders entered April 21, 1964, dismissing plaintiff's statement of claim for want of prosecution, and entering judgment for defendant and counterplaintiff against the plaintiff and counterdefendant, and states that the petition is filed pursuant to the provisions of section 72 of the Civil Practice Act. A motion to dismiss the petition was filed by the defendant and counterplaintiff. In support of this motion John B. Angelo filed his affidavit stating that he was a member of the law firm representing the defendant and counterclaimant; that at his direction on January 20, 1964, an associate of his firm wrote and mailed to Mr. Vincent R. Ewald, Brown, Stine & Cook, a notification that the above cause was set for trial on April 21, 1964, and attached to the affidavit a copy of the letter. He sets forth the names of the partners and associates in the firm of Brown, Stine & Cook. The affidavit further sets forth that at the call of the above entitled cause on April 21, 1964, and upon the failure of the attorneys for the plaintiff and counterdefendant to appear, he requested the court to continue the trial of the case for any period of time, even as short as one day, to give all parties the opportunity to appear with their witnesses for trial, and that said request was denied.

An additional affidavit was filed which was executed by Edwin L. Brown, Jr., John H. Hanson, Francis B. Stine and Robert G. Cook, Jr., all of whom said that they are and were members of the firm of Brown, Stine & Cook on April 21, 1964; that Stine, Cook and Hanson engage in trial work for the firm and that the aforementioned members were engaged in trial matters in other courts in Cook County. They also alleged that none of them had any knowledge whatsoever of any facet of the subject cause and were unaware of the fact that this case was set for trial on April 21, 1964.

The plaintiff filed its petition and the court granted relief more than six months after the entry of the default judgment and dismissal of plaintiff's claim for want of prosecution. After the expiration of thirty days the trial court did not have jurisdiction to grant the relief prayed for in the petition unless the plaintiff brought itself within the terms of section 72 of the Civil Practice Act (Ill Rev Stats 1963, c 110, § 72).

The record shows that a petition was filed asking for the same relief within thirty days and the court denied the plaintiff the relief sought. That petition was in the nature of a motion and supported by the same facts set forth in the affidavit of Vincent R. Ewald, which was filed in support of the petition filed more than six months after the entry of the default judgment.

The plaintiff in its brief asserts various reasons for the dismissal of the appeal by stipulation from the denial of its motion, which motion was made within term time, and the reasons for the delay in seeking relief under section 72, none of which appear in the record, and therefore will not be commented upon by this court.

The purpose of a petition or motion under section 72 of the Civil Practice Act is set forth in Glenn

v. People, 9 Ill2d 335, 137 NE2d 336. In that case the court said that the purpose of a petition under section 72 was to bring before the court rendering the judgment matters of fact not appearing in the record, which, if known to the court at the time the judgment was entered, would have prevented its rendition. The facts which might induce a court to grant such relief include the death of one of the parties pending the suit and before judgment; infancy where the party was not properly represented by a guardian; coverture, where the common law disability still exists; insanity at the time of the trial; and a valid defense which existed in the facts of the case but which, without negligence on the part of the defendant, was not made, having been prevented through duress, fraud or by excusable mistake. The petition under the statute is the filing of a new action, civil in nature, and it is necessary, as in any civil case, that the petitioner allege and prove a right to the relief sought.

In the instant case the petition alleges no more than a request to vacate the orders entered on April 21, 1964. The affidavit in support of the petition, in so far as it goes to the merits of the case, merely recited that the plaintiff and counter-defendant had a meritorious defense to the counterclaim on which judgment was entered and a good cause of action under the original complaint.

 As was pointed out in Lamoreaux v. Havranek, 25 Ill App2d 51, 165 NE2d 547, these statements were mere conclusions and are not well pleaded facts. The court in that case on page 53, citing from Whalen v. Twin City Barge & Gravel Co., 280 Ill App 596, quoted the following:

"The mere statement that a defendant has a meritorious defense is not sufficient. The grounds and facts upon which the merits of the defense arise

must be stated so that the court will be enabled to judge the merits of such defense."

■ This language is equally applicable to a claim. However, the defendant in this case makes no point of the failure of the plaintiff to set forth facts showing a meritorious defense to the counterclaim, or that the plaintiff's claim had merit. The defendant and counterclaimant has therefore waived this point.

We will now look to the question of whether the remaining portion of the affidavits filed on behalf of the plaintiff are sufficient to justify the vacation of the orders.

The plaintiff cites the case of Widucus v. Southwestern Elec. Cooperative, Inc., 26 Ill App2d 102, 167 NE2d 799. This case could be of no help in the case before us, inasmuch as the motion was made to vacate the judgment during term time under section 50(6) of the Civil Practice Act (Ill Rev Stats 1963, c 110, § 50(6)).

Plaintiff also cites Jansma Transp., Inc. v. Torino Baking Co., 27 Ill App2d 347, 169 NE2d 829. In that case the two questions presented to the court were whether valid service was had on the defendant corporation, and whether the conduct of plaintiff's attorneys was calculated to keep the defendant in ignorance of the entry of the default judgment. The court in that case affirmed the trial court which had vacated the judgment both on the grounds of questionable service of process on the defendant and on ". . . the offensive nature of the failure of one defendant, in the midst of co-operating with another, to advise the other it was about to cut the latter's throat quietly and effectively." In that case the doctrine promulgated in Ellman v. De Ruiter, 412 Ill 285, 106 NE2d 350, was followed and the court applied equitable principles in sustaining the decision of the trial court.

In Dann v. Gumbiner, 29 Ill App2d 374, 173 NE2d 525, the appellate court directed the trial court to vacate the default order. The appellate court decision was based upon the fact that plaintiff had directed her attorney to withhold from the defendant or defendant's insurance company, with whom the plaintiff had been negotiating, the fact that a default had been entered, together with the fact that execution was delayed for four months after term time, which facts the court considered sufficient to establish grounds upon which to vacate the judgment and to employ the equitable powers advanced in Ellman v. De Ruiter, supra. No similar facts are present in the instant case.

In the case of Elfman v. Evanston Bus Co., 27 Ill2d 609, 190 NE2d 348, the facts which were set forth in the petition to explain the failure of the defendant's attorney to appear are somewhat similar to the facts in the instant case. A judgment by default had been entered against the defendant, Evanston Bus Co. In defendant's amended petition to vacate the judgment against the Evanston Bus Co. it was alleged that its attorney was preoccupied at the time an appearance should have been filed for the defendant with the fatal illness of his mother, who succumbed from cancer on March 24, 1960, two days after the summons return date. That counsel's mother had been seriously ill since December 1, 1959, having been hospitalized and operated on, and that he was in daily attendance on his mother until her death on March 24, 1960. That the foregoing produced nervous and mental strain on counsel and distracted him from his normal practice of law. The amended petition further showed that during the course of discussion toward settlement the plaintiff's counsel represented that his client's medical bills totalled $259, and enumerated the bills included in such figure, and that at the time of the default judgment the plaintiff proved up bills for hospital and medical

expenses totalling $4028.25, a portion of which were for services in connection with an operation for the removal of a gall bladder, and part of which were for hospitalization and treatment for a mental condition for which the plaintiff was treated. It was alleged in the amended petition that those expenses had no relation to the injury suffered in the bus accident. The court in this case on page 613 said:

> "Since our decision in Ellman v. DeRuiter, 412 Ill 285, subsequently adopted by the legislature (Laws of 1955, p 2270,) it has become certain that a petition filed under section 72, such as we have here, invokes the equitable powers of the court, as justice and fairness require, to the end that one may not enforce a default judgment attended by unfair, unjust or unconscionable circumstances."

The court there considered that the record impelled the conclusion that plaintiff would gain an unconscionable advantage unless the judgment was vacated, and that an unfair advantage was worked upon the defendant and the court. It might be noted in that case that the default order was not vacated, as is evidenced by the following language appearing on page 615:

> "Under all of the circumstances, it is our opinion that the amended petition and its supporting affidavits presented a situation which addressed itself to the equitable powers of the trial court and that, in justice and fairness, defendant should be given an opportunity to appear and defend *on the issue of damages.*" (Emphasis ours.)

The defendant was permitted to defend only on the issue of damages and not upon the question of liability. The decision itself was based upon the statement of law that, although defaulted, where the action

is in tort or for an unliquidated claim or amount, a defendant nonetheless has the right to be heard on the matter of damages. It appears that the case relied almost entirely on the unconscionable conduct of the plaintiff in proving up damages while obtaining a default judgment, most of which special damages were not attributable to the accident. The Supreme Court in that case in not directing the trial court to vacate the default order which was entered against the defendant, which would have permitted the defendant to defend on the issue of liability as well as the issue of damages, would appear to have construed the affidavit of the defendant's attorney as to his nervous and mental strain and distraction from his normal practice of law by reason of his mother's illness which culminated in her death as not constituting an excuse for his failure to file an appearance and answer for the defendant.

The affidavit of the attorney for plaintiff related that since April 1, 1964, he suffered from illness resulting in only occasional appearances at his office. There is nothing in his affidavit to indicate why he did not arrange to have some other attorney appear on April 21, 1964, when this case was called. The defendant's attorney had notified the plaintiff's attorney by letter dated January 20, 1964, that the above case was set for trial on April 21, 1964, also setting forth the room number and the hour. Plaintiff's attorney does not deny receipt of this letter. Furthermore, the affidavit of the attorneys who stated that they were members of the firm of Brown, Stine & Cook failed to set forth that they are the only members of that firm, or that there are no other members or associates who were available to appear on this matter on the date set for trial. It also appears that on Monday, April 20, 1964, this case appeared in the Daily Municipal Court Record First Municipal District of the Circuit Court of Cook

County as being on the civil trial call on Tuesday, April 21, 1964, at 9:30 o'clock a. m. in Room 1105. At the time the case was called for trial on April 21, 1964, and the attorney for the plaintiff and counterdefendant failed to appear, the attorney for the defendant and counterclaimant requested a continuance to give all parties the opportunity to appear with their witnesses, but the trial court denied this request. After the court had denied the request for the continuance, the defendant and counterclaimant had no other alternative than to proceed or have its counterclaim dismissed. The trial court in this case denied the relief sought by the plaintiff within term time when it was vested with discretionary powers to vacate upon such terms and conditions as it saw fit, however, months later and after term time the court on petition and affidavit under section 72 of the Civil Practice Act, based upon the same matters as were set forth in the earlier motion, vacated the judgment. Also, at the time the default was taken against the plaintiff on defendant's counterclaim, the defendant did not prove up its case on counts 1 and 2 of the counterclaim, which would have justified a judgment in the amount of $11,614.03, but elected to prove up its alternative counterclaim, as a result of which it obtained judgment for only $1613.69.

We conclude that there were no unfair, unjust or unconscionable circumstances in this case which would justify a vacation of this judgment, nor any conduct demonstrated by the defendant or its counsel which would justify the court to invoke the equitable powers as was done in Ellman v. DeRuiter, supra, because of the pattern of conduct followed by plaintiff's attorney after default judgments were entered and for which no justification was offered. Nor is this case similar to Elfman v. Evanston Bus Co., supra, where the equitable powers of the court were invoked because an un-

fair advantage was worked upon the defendant and the court.

In Williams v. Pearson, 23 Ill2d 357, 359, 177 NE2d 856, 857, the court said:

> "They do not deny that they had ample notice of the trial date. Yet no attempt was made either to remove the case from the trial call or to appear at the time set."

In Schultz v. Meiselbar, 144 Ill 26, 28, 32 NE 550, the court said:

> "If this attorney was unable to attend to the case through press of business, it was plainly the duty of appellant to employ another attorney who could attend to it; and the negligence of the attorney in failing to file plea is the negligence of his client."

██ We do not feel that this is a case which justifies the application of equitable powers. Judgments entered by the courts must have stability. If the type of relief sought by plaintiff is granted in a case which has been continued thirteen times over a period of two years after the case was at issue, having been dismissed twice for want of prosecution and reinstated each time, and where the plaintiff, through its attorney, had notice of the date and place the case was set for trial some three months in advance of the trial, there would be little stability to judgments entered by our courts. Plaintiff's attorney pleads illness due to overwork, and that for twenty days prior to the date the case was set for trial he made only occasional appearances at his office. Since plaintiff's attorney knew in advance that, due to his condition, he was going to be unable to handle the case, it was his duty to familiarize some other attorney with this case who would

60

appear on the date set for trial and proceed with the case. We are of the opinion that the trial court in this case abused its discretion in allowing the petition to vacate the judgment entered April 21, 1964. The order of the trial court is therefore reversed.

Order reversed.

DEMPSEY, P. J. and SCHWARTZ, J., concur.