NAOMI L. SPEARS, Plaintiff-Appellee, *v.* ROY R. SPEARS, Defendant-Appellant.

Second District   Nos. 75-544, 76-74 cons.

Opinion filed September 23, 1977.

SEIDENFELD, J., dissenting.

Ralph J. Gust, Jr., of Lombard, for appellant.

Burek & Field, of Wheaton, for appellee.

Mr. PRESIDING JUSTICE RECHENMACHER delivered the opinion of the court:

This is a consolidated appeal by Roy R. Spears from certain orders of the trial court assessing an arrearage in alimony, and awarding his wife, Naomi L. Spears, attorney fees for representation in the trial court, as well as for the defense of this appeal.

Naomi Spears filed a complaint for divorce or separate maintenance on August 5, 1971. The defendant, Roy R. Spears, failed to plead or appear, and an order of default and an order substituting new counsel for Naomi Spears, was entered on December 8, 1971. There is no transcript or other entry in the record evidencing any further proceedings on that date. On September 28, 1972, no orders having been entered since December 8, 1971, the case came before the court on a "no progress calendar" and the court on its own motion dismissed the case for want of prosecution. No motion to vacate the order of dismissal was ever filed and no court action whatsoever was taken between September 28, 1972, and January 26, 1973. On January 26, 1973, a decree of divorce was presented to the court by Naomi Spears and entered *nunc pro tunc*, as of December 8, 1971.

The decree awarded certain property to Naomi Spears, and required Roy Spears to make payments of $100 per week as alimony. On March 7, 1973, Naomi Spears filed a motion for a rule to show cause, based upon Roy Spears' nonpayment of alimony. On May 9, 1973, Roy Spears appeared with counsel pursuant to a rule to show cause. The parties negotiated and entered into an agreed order which modified the decree as it pertained to alimony, providing in part "that the defendant pay to the plaintiff an amount equal to 10% of his adjusted gross income if said income amounts to $7500 * * *." The court duly entered the order and dismissed the rule to show cause. On June 30, 1975, Naomi Spears filed a petition for a rule to show cause, based upon Roy Spears' failure to pay alimony under order of May 9, 1973. Roy Spears filed an answer to this petition asserting that since he had failed to earn $7500 per annum during the period in question there was no arrearage in alimony. After a number of hearings on the issue, at which both parties appeared and presented evidence, the court ruled that there was an arrearage in alimony, and

entered an order on August 5, 1975, requiring Roy Spears to pay the arrearages.

Roy Spears subsequently filed a motion to vacate the order of August 5, 1975. In this motion, Mr. Spears, for the first time, contended that the dismissal of the cause for want of prosecution and the parties' failure to move to reinstate the cause within 30 days deprived the court of jurisdiction, and that the subsequent decree was therefore void; the motion also attacked the trial court's interpretation of the order of May 9, 1973. The trial court entered an order on September 26, 1975, which modified the court's assessment of the arrearage in alimony, but denied the motion in all other respects. This order awarded attorney fees to Naomi Spears for post-decree proceedings, and provided that "the decree of divorce entered by the court operated as a vacation of the prior order of dismissal and that said decree was validly entered". Later, after a hearing on the issue of attorney fees for the appeal, the court awarded Naomi Spears' counsel $500 for the defense of Roy Spears' appeal.

On appeal, Roy Spears argues that the trial court's interpretation of the agreed order of May 9, 1973, was erroneous; that the trial court abused its discretion in awarding attorney fees for the post-decree proceedings and for the appeal, and that the court lacked jurisdiction to enter orders adjudicating an arrearage in alimony or awarding attorney fees, since the decree was entered more than 30 days after the entry of the order of dismissal. The issue raised by the latter contention is dispositive.

■■  The applicable principles are well established. Generally, a trial court does not have jurisdiction over either the parties or the subject matter so as to permit it to review or modify its own final order or judgment after the expiration of 30 days from rendition, except pursuant to a petition for post-judgment relief under section 72 of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 72). (See *Lectro-Stik Co. v. Stepco Corp.* (1974), 19 Ill. App. 3d 900, 902; *Fiore v. City of Highland Park* (1968), 93 Ill. App. 2d 24, 31, *cert. denied* (1969), 393 U.S. 1084, 21 L. Ed. 2d 776, 89 S. Ct. 867.) Thus, a court loses jurisdiction to vacate an order dismissing a cause for want of prosecution after the expiration of 30 days following the dismissal, unless a motion to vacate the dismissal and reinstate the cause is filed within the term time. (*Stevens v. City of Chicago* (1970), 119 Ill. App. 2d 366, 371; *Refiners Petroleum, Inc. v. White Water Petroleum Terminals, Inc.* (1965), 64 Ill. App. 2d 46.) A judgment entered without jurisdiction is void, and the jurisdictional defects may be raised at any time. *Glover v. Glover* (1974), 24 Ill. App. 3d 73, 76; *Stone & Adler, Inc. v. Cooper* (1974), 20 Ill. App. 3d 576, 579.

■■  To a limited extent, the procedure allowing the entry of a *nunc pro tunc* order correcting a final order or judgment constitutes an

exception to these rules, since the court retains jurisdiction to enter such an order, even after the expiration of the term. (*E.g., In re Estate of Young* (1953), 414 Ill. 525; Amendments and Jeofails, Ill. Rev. Stat. 1975, ch. 7, par. 1 *et seq.*) However, the purpose of a *nunc pro tunc* order is limited to entering into the record something which was actually done, and it may not be used to supply omitted judicial action, to correct judicial error, or to cure a jurisdictional defect. (*Lebanon Trust & Savings Bank v. Ray* (1973), 10 Ill. App. 3d 345.) Further, a *nunc pro tunc* amendment of the record, entered after the expiration of the term, except as to clerical errors or matters of form, must be based upon some note or memorandum from the records or quasi records of the court, and may not be entered in reliance upon the judge's memory alone. *Fox v. Department of Revenue* (1966), 34 Ill. 2d 358, 360.

In applying these principles it seems clear that the dismissal order entered in this case, and the parties' failure to move to vacate the dismissal within 30 days, deprived the trial court of jurisdiction, save for the limited purpose of entering a *nunc pro tunc* order to amend the record to show what was actually done in the cause. Counsel for Naomi Spears has argued that the entry of the decree herein was merely a "ministerial act" and was thus within the court's jurisdiction. *Moore v. Shook* (1916), 276 Ill. 47 and *Watson v. Watson* (1956), 11 Ill. App. 2d 196, although not cited, involve holdings similar to that urged by counsel. In *Moore*, a widow filed a bill in equity, after the death of her husband, seeking a review of a decree of divorce entered between the deceased husband and his former wife, and praying for the alteration of the decree so that the date on which the evidence was heard and the decision pronounced in open court would be the effective date of the decree, rather than the date on which the written decree was entered by the court. The widow and her husband had married less than one year after the entry of the decree, in violation of the statute, on the assumption that the decree took effect from the date that the court made its oral decision. The court held that this mistake was sufficient to justify relief, and granted the relief prayed for on the ground that the change requested could have been made as a matter of course, had the parties requested it when the decree was filed. In *Watson*, the court, at the conclusion of an uncontested hearing, directed the plaintiff husband to present his decree, meaning that the court considered the evidence sufficient and that the judge would sign the decree if it were properly presented with an accompanying certificate of evidence. However, the wife remarried prior to the presentment and entry of the decree. Sometime after the expiration of the term, a stipulation by the parties and a petition praying that the court correct its records to show that the decree was granted *nunc pro tunc* as of the date of hearing, rather than the date of entry, was presented to the court.

However, the wife's new husband filed an intervening petition, and the trial judge held that he was without jurisdiction to grant the petition, and vacated his prior order. On appeal, the court reversed, holding that the trial court had jurisdiction to enter a *nunc pro tunc* order changing the effective date of the decree.

■■ Both of these cases can be ·distinguished from the instant case, since in neither case cited did an order of dismissal intervene between the date of the oral pronouncement of the trial court's decision, and the date of the entry of the decree. Further, in both cases, the challenge to the petition for a *nunc pro tunc* order, amending the effective date of the decree, was made by a stranger to the divorce proceeding, rather than a party to the action. However, the crucial distinction is that in both *Moore* and *Watson*, it was a matter of record, not only that the trial court heard the evidence and orally rendered its decision granting the divorce prior to · the entry of the decree, but also, that a *nunc pro tunc* order rendering the decree effective as of the date of the judge's oral pronouncement, would be based upon the minutes entered on the docket of the trial court, rather than upon the mere recollection of the judge. In the instant case, there is nothing in the record to indicate that the trial court rendered its decision orally on December 8, 1971, and there is no record of or reference to any order or docket entry which could form the basis for such a *nunc pro tunc* entry of the decree. Under the circumstances of this case, in the absence of anything in the record showing the oral pronouncement of the court's decision on December 8, 1971, the subsequent entry of the decree *nunc pro tunc* to that date, served to supply *omitted* judicial action, rather than to correct a mere matter of form, or make the record "speak the truth," and the entry of the decree more than 30 days after the cause had been dismissed, was therefore beyond the jurisdiction of the court and void. See *Fox v. Department of Revenue* (1966), 34 Ill. 2d 358; *Richmond v. Richmond* (1945), 326 Ill. App. 234.

Counsel for Naomi Spears has made the additional contention that by entering into the agreed order of May 9, 1973, Roy Spears accepted a benefit under the decree in the form of reduced alimony payments and is therefore precluded from attacking the validity of the decree. Although it is doubtful that the defenses of laches or estoppel would apply in the instant case (see *Fox v. Department of Revenue* (1966), 34 Ill. 2d 358), we need not explore this argument, since it is erroneous on its face, inasmuch as the reduction of alimony was a benefit received under the order of May 9, 1973, and not under the decree.

■■ Finally, it is argued that the decree and subsequent orders were not void for want of jurisdiction since Roy Spears had submitted himself to the court's jurisdiction by appearing generally at the various hearings following the entry of the decree. To a point, this assertion is correct.

Where the court has lost jurisdiction after the expiration of the 30-day term following the entry of a dismissal order, the parties may, by appearing voluntarily without objection to the court's jurisdiction, and actively participating in further proceedings inconsistent with the prior dismissal, revest the court with jurisdiction over the parties and the cause. (*Ridgely v. Central Pipe Line Co.* (1951), 409 Ill. 46; *Stark v. Roussey & Associates, Inc.* (1970), 131 Ill. App. 2d 379; *Stevens v. City of Chicago* (1970), 119 Ill. App. 2d 366.) Thus, the participation of both parties at the hearing of May 9, 1973, and at subsequent hearings, revested the trial court with jurisdiction. However, unlike the cases cited above, in the instant case the decree or judgment was entered *before* the court was revested with jurisdiction. The court lacked jurisdiction when it entered the decree, and it is clear that under the principles as cited above that the decree was therefore void. This is not a case of laches or estoppel, and we know of no authority which holds that the subsequent reacquisition of jurisdiction validated the prior decree which had been rendered without jurisdiction.

The inescapable conclusion is that since no valid decree was ever entered in this cause the court erred in entering orders granting post-decree relief. Therefore, the order of May 9, 1973, is erroneous on its face, and the orders of August 5, 1975, and September 26, 1975, assessing an arrearage in alimony and awarding attorney fees for proceedings in the trial court in enforcement of the order of May 9, 1973, as well as the trial court's order of November 25, 1975, awarding attorney fees for the defense of this appeal, are reversed, and the cause is remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

BOYLE, J., concurs.

Mr. JUSTICE SEIDENFELD, dissenting:

I must dissent from the majority opinion. In my view of the facts, this appeal concerns the validity of the agreed order entered by the trial court on May 9, 1973. On that occasion, Roy Spears appeared before the court with counsel pursuant to a rule to show cause why he should not be compelled to pay alimony according to the January 26, 1973, decree entered *nunc pro tunc* as of December 8, 1971. Also on that occasion the parties negotiated and entered into an agreed order which modified the January 26, 1973, decree as it pertained to alimony.

As the majority holds, the trial court had no authority to enter the January 26, 1973, decree in the first instance, because the trial court's authority over the parties expired 30 days after the case was dismissed for want of prosecution. But when Roy Spears voluntarily appeared with

counsel and negotiated with opposing counsel for the terms of the May 9, 1973, agreed order which was inconsistent with the prior order of dismissal, the trial court was revested with authority in the matter. It was stated in *Stark v. Roussey & Associates, Inc.*, 131 Ill. App. 2d 379, 381 (1970):

> "When a court loses jurisdiction, after expiration of 30 days following a dismissal order, the parties may, by appearing voluntarily and participating in further proceedings, revest the court with jurisdiction. The elements essential to revesting are (1) the active participation of the parties without objection and (2), further proceedings inconsistent with the prior order of dismissal. *Ridgely v. Central Pipe Line Co.*, 409 Ill. 46, 97 N.E.2d 817."

It would seem apparent these elements of revesting have occurred in the present case. Accordingly, I would reach the merits.