SCOTTISE TROSPER, Petitioner-Appellee, *v.* OFFIE TROSPER, Respondent-Appellant.

First District (3rd Division)   No. 79-809

Opinion filed March 31, 1980.

Victor Brown, of Chicago, for appellant.

Harvey X. Kolms and Law Offices of Philip S. Aimen, both of Chicago (Philip S. Aimen, of counsel), for appellee.

Mr. JUSTICE RIZZI delivered the opinion of the court:

Petitioner, Scottise Trosper, was granted a divorce from respondent, Offie Trosper. The decree reserved the matter of child support but was later amended *nunc pro tunc* to order respondent to make monthly child-support payments. Subsequently, a judgment for arrearage was entered against respondent. Respondent appeals, contending that the judgment for arrearage should be reversed because the *nunc pro tunc* order for child support is improper. We reverse and remand.

Petitioner sued respondent for divorce on November 25, 1968. Prior to a hearing on the divorce, the court ordered respondent to pay temporary child support of $30 per week. In March 1969, respondent joined the military service. Subsequently, in an *ex parte* proceeding, petitioner requested that the amount of child support be raised to $40 per week. When the court inquired about respondent's earnings, petitioner stated that he had joined the military service. Petitioner and her attorney then requested the court to grant the divorce and to reserve the question of child support and alimony until such time as respondent left the military service. They said that in the meantime, she would receive the military allotment for child support. Accordingly, on January 20, 1970, a divorce decree was entered which specifically reserved child support and alimony.

Almost seven years later, on January 12, 1977, petitioner filed a petition in which she alleged that the divorce decree did not conform to the court's ruling in that the court intended for respondent to pay child support in an amount equal to the military allotment for child support. She further alleged that although she had received monthly allotments of $125 from the government until March 1971, no further payments were received from either the government or respondent. The petitioner sought to have the divorce decree amended *nunc pro tunc* to show that

respondent was required to pay child support equal to the military allotment of $125 per month.

On January 12, 1977, following an *ex parte* hearing on the petition, the court entered an order which amended the divorce decree *nunc pro tunc* as of January 20, 1970. Striking the reservation of child support, the court substituted language that required respondent to pay child support equal to the government allotment commensurate with his rank on November 8, 1969, which the court determined was $125 per month.

Petitioner subsequently petitioned the court again, seeking a judgment against respondent for the arrearage in child support payments. She contended that respondent owed $12,291.70. Respondent filed a motion to dismiss the petition. He alleged that the order of January 12, 1977, was improper. He further alleged that the child in question had lived in another State for years and had not been supported by petitioner.

On February 22, 1979, the court denied respondent's motion to dismiss and found the January 12, 1977, order valid. The arrearage was later determined to be $10,425 and a judgment for that amount was entered against respondent.

Respondent contends that the *nunc pro tunc* order entered on January 12, 1977, is improper because it altered the substance of the divorce decree that had been entered on January 20, 1970. We agree.

The purpose of a *nunc pro tunc* order is to correct a prior order which incorrectly reflects the ruling of the court. (*Dauderman v. Dauderman* (1970), 130 Ill. App. 2d 807, 809, 263 N.E.2d 708, 710.) But a *nunc pro tunc* order may not be used to change a prior order, correct judicial errors, or supply omitted judicial action. See *Scott v. Skokie Valley Community Hospital* (1977), 54 Ill. App. 3d 766, 768, 370 N.E.2d 107, 108; *Spears v. Spears* (1977), 52 Ill. App. 3d 695, 698, 367 N.E.2d 1004, 1007.

Here, although there was colloquy at the *ex parte* divorce proceeding indicating that petitioner would receive an allotment from the government for child support, petitioner and her attorney requested the court to reserve the question of child support; and the order entered on January 20, 1979, specifically reserved the matter of child support.

Thus, the order entered on January 12, 1977, did not correct an order which incorrectly reflected the ruling of the court. Rather, it changed the prior order and supplied omitted judicial action. The *nunc pro tunc* order entered on January 12, 1977, was, therefore, improper. Since the judgment of arrearage was based upon the improper *nunc pro tunc* order, it was also improper. Both orders must therefore be reversed.

Accordingly, the judgment against respondent for arrearage in the amount of $10,425 and the *nunc pro tunc* order entered on January 12, 1977, are reversed. The case is remanded for a hearing to determine

respondent's liability for present and future child support, commencing from January 12, 1977, the date on which the initial petition was filed. Any claim that petitioner may have against respondent for past support of the child must be sought in a common law action for reimbursement, with respondent having the right to assert any affirmative defenses he may have, including laches. See *Gill v. Gill* (1973), 56 Ill. 2d 139, 306 N.E.2d 281.

Reversed and remanded.

McGILLICUDDY, P. J., and SIMON, J., concur.