# Illinois Official Reports

## Appellate Court

---

### *People v. McDaniel*, 2016 IL App (2d) 141061

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. EUGENE McDANIEL, JR., Defendant-Appellant. |
| District & No. | Second District<br>Docket No. 2-14-1061 |
| Rule 23 order filed<br>Rule 23 order<br>withdrawn<br>Opinion filed | July 30, 2015<br><br>March 10, 2016<br>March 10, 2016 |
| Decision Under Review | Appeal from the Circuit Court of Du Page County, No. 90-CF-1196; the Hon. George J. Bakalis, Judge, presiding. |
| Judgment | Affirmed in part and vacated in part. |
| Counsel on Appeal | Eugene McDaniel, Jr., of Dixon, appellant *pro se*.<br><br>Robert B. Berlin, State's Attorney, of Wheaton (Lisa Anne Hoffman and Kristin M. Schwind, Assistant State's Attorneys, of counsel), for the People. |
| Panel | JUSTICE HUTCHINSON delivered the judgment of the court, with opinion.<br>Presiding Justice Schostok and Justice Spence concurred in the judgment and opinion. |

¶ 1    We originally issued a Rule 23 order in this case (which we have included as an appendix to this opinion for the reader's convenience). Afterward, defendant filed a petition for rehearing, which we deny; however, we withdraw our prior order and enter the following opinion in its stead.

¶ 2    In 1991, defendant, Eugene McDaniel, Jr., was convicted of first-degree murder in the shooting death of his wife. The trial court sentenced him to the maximum available sentence, 60 years in prison (Ill. Rev. Stat. 1989, ch. 38, ¶¶ 9-1(a), 1005-8-1(a)(1)), and also imposed certain fines and fees. *People v. McDaniel*, 249 Ill. App. 3d 621 (1993), *aff'd*, 164 Ill. 2d 173 (1995). In 2014, McDaniel filed a petition for relief from a "void" judgment under section 2-1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401 (West 2014)). In the petition, McDaniel alleged that because the county clerk rather than the trial court added a mandatory $25 fine to his original sentence (the money goes to a fund for victims of violent crimes (see Ill. Rev. Stat. 1989, ch. 70, ¶ 510)), his *entire* sentence was void and a new sentencing hearing was in order. The trial court considered defendant's petition, granted it in part, and denied it in part. The court imposed the $25 fine, in essence the "relief" McDaniel had sought (see *People v. Marshall*, 242 Ill. 2d 285, 302 (2011) (a void fine or fee, like a void term of imprisonment, may be corrected at any time (citing *People v. Arna*, 168 Ill. 2d 107, 113 (1995)))), but it did not conduct a new sentencing hearing and made no change to McDaniel's term of imprisonment.

¶ 3    McDaniel appealed and claimed that the trial court should have conducted an entirely new sentencing hearing. We issued a Rule 23 order rejecting his argument as meritless in which we cited *People v. Donelson*, 2013 IL 113603, *People v. Brown*, 225 Ill. 2d 188 (2007), and *People v. Garcia*, 179 Ill. 2d 55 (1997)–decisions based on the void-sentence rule articulated in *Arna*. With those decisions in mind, our order explained that under the void-sentence rule McDaniel's *prison* sentence was valid despite the fact that $25 of the fines-and-fees portion of his sentence was void. McDaniel then filed a petition for rehearing and asked us to reconsider. (He also filed a motion to publish our original Rule 23 order, which we deny.)

¶ 4    While McDaniel's rehearing petition was pending, our supreme court issued its decision in *People v. Castleberry*, 2015 IL 116916, which overturned *Arna* and abolished the void-sentence rule. The result under current law then is that there is no true voidness as alleged in McDaniel's section 2-1401 petition. Rather, there is only a voidable $25 fine, which post-*Castleberry* is no longer subject to collateral attack by way of a section 2-1401 petition. *Id.* ¶¶ 11-19; see also *People v. Thompson*, 2015 IL 118151, ¶¶ 29-30.

¶ 5    The flipside of *Castleberry* is that without the void-sentence rule the trial court lacked the authority–*i.e.*, the jurisdiction–to modify McDaniel's sentence and correct the improper assessment of the $25 victims' fine. See, *e.g.*, *Spears v. Spears*, 52 Ill. App. 3d 695, 698 (1977) (after 30 days has passed, the trial court may not amend the judgment to "supply omitted judicial action" or "to correct [a] judicial error" under the guise of granting relief from judgment or as a *nunc pro tunc* correction). Because we intended to deny rehearing but modify our disposition with respect to the $25 fine (Ill. S. Ct. R. 367(d) (eff. Jan. 1, 2015)), we ordered the parties to submit supplemental briefs addressing *Castleberry*.

¶ 6    In its brief, the State argues that the abolition of the void-sentence rule renders a portion of McDaniel's sentence voidable not void, which is undoubtedly true. The consequence however, at least according to the State, which relies on *People v. Harvey*, 196 Ill. 2d 444 (2001), is that

McDaniel's section 2-1401 petition, filed some 23 years after he was sentenced, was untimely under the section 2-1401 two-year limitations period (735 ILCS 5/2-1401(e) (West 2014)). On that point the State is incorrect.

¶ 7    The State's argument conflates the *grounds* alleged in McDaniel's section 2-1401 petition with the *merits* of his claim. Doubtless, McDaniel's claim concerning his sentence is meritless, particularly after *Castleberry*. But that does not mean that his section 2-1401 petition, brought on the grounds that his underlying sentencing judgment was "void," is now subject to the section 2-1401 two-year limitations period. The State's reliance on *Harvey* in this regard is misplaced. When one considers all of the separate opinions in *Harvey*, it is clear that the five justices who participated in concurrences, despite disagreeing about other aspects of section 2-1401, all agreed that the two-year limitation period does *not* apply to a petition that challenges a judgment on voidness grounds. *Harvey*, 196 Ill. 2d at 452 (McMorrow, J., specially concurring, joined by Freeman, J.) ("a post-judgment motion seeking relief on the basis that the judgment is void is not bound by the two-year limitation"); *id.* at 457 (Fitzgerald, J., specially concurring, joined by Thomas and Garman, JJ.) ("because defendant challenges his extended-term sentence on the basis that the judgment is void, his challenge is proper and not restricted by the two-year limitation period in section 2-1401"). One year after *Harvey*, in *Sarkissian v. Chicago Board of Education*, 201 Ill. 2d 95 (2002), the court further clarified that section 2-1401 "[p]etitions brought on voidness grounds need not be brought within the two-year time limitation" because "the allegation that the judgment or order is void substitutes for and negates the need" to plead around the statute of limitations. *Id.* at 104. There are many sound reasons for such a rule, not the least of which is that it protects the integrity of the judicial system by enabling courts to purge void orders–that is, *truly* void orders–and their potentially deleterious effects. See, *e.g.*, *In re Dar. C.*, 2011 IL 111083, ¶ 64 (reversing termination of father's parental rights where father was never notified of proceedings and so the circuit court lacked personal jurisdiction over him). Accordingly, so long as a section 2-1401 petition challenges a judgment on voidness grounds, and McDaniel's petition did, the petition, regardless of its substantive merit, is not subject to the section 2-1401 two-year limitation period. See *Thompson*, 2015 IL 118151, ¶¶ 29-30; *Castleberry*, 2015 IL 116916, ¶ 15 (quoting *LVNV Funding, LLC v. Trice*, 2015 IL 116129, ¶ 38, citing *Sarkissian*, 201 Ill. 2d at 104).

¶ 8    Accordingly, we vacate the trial court's order to the extent that it imposed the $25 fine and affirm the remainder of the order dismissing McDaniel's section 2-1401 petition. As part of our judgment, we grant the State's request for State's Attorney fees and hereby assess McDaniel $50 as costs for this appeal. 55 ILCS 5/4-2002(a) (West 2014).

¶ 9    Affirmed in part and vacated in part.

# APPENDIX

(Rule 23 Order from July 30, 2015)

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Du Page County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 90-CF-1196 |
| EUGENE McDANIEL, JR., | ) ) ) | Honorable George J. Bakalis, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE HUTCHINSON delivered the judgment of the court.
Presiding Justice Schostok and Justice Spence concurred in the judgment.

**ORDER**

¶ 1    *Held*:   (1) Although the trial court omitted a mandatory fine, defendant's sentence was not otherwise void; thus, the imposition of the fine, per defendant's section 2-1401 petition, did not produce a new sentence that defendant could move anew to reconsider; (2) assuming that the trial court erred in failing, given defendant's absence, to admonish defendant under Rule 605(a) upon imposing the fine, defendant was not entitled to a remand for such admonishments, as he did move to reconsider and timely appealed and thus suffered no prejudice or denial of justice from the lack of admonitions.

¶ 2    Defendant, Eugene McDaniel, Jr., was convicted of first-degree murder (Ill. Rev. Stat. 1989, ch. 38, ¶ 9-1(a)) and sentenced to 60 years' imprisonment (Ill. Rev. Stat. 1989, ch. 38, ¶ 1005-8-1(a)(1)) and certain fines and fees.   His current appeal comes after the partial grant and

partial denial of his petition under section 2-1401 of the Code of Civil Procedure (the Code) (735 ILCS 5/2-1401 (West 2014)). In his petition, he sought a finding that, because the clerk, rather than the trial court, added a mandatory fine to his sentence, the whole of his sentence was void. The trial court reimposed the fine, but made no change to the term of imprisonment. In this subsequent appeal, defendant argues that the trial court erred when it did not recognize the whole of his sentence as void. We hold that his sentence had been void only as to the improperly imposed fine, so that the trial court acted properly. We therefore affirm.

¶ 3                              I. BACKGROUND

¶ 4     A jury convicted defendant of first-degree murder, and the trial court sentenced him to 60 years' imprisonment. The sentence also included certain fines and fees. However, at least one of those fines was imposed by the clerk, not the trial court. Defendant filed a direct appeal in which he challenged primarily the admission of certain inculpatory statements; he did not challenge any aspect of his sentence. We affirmed (*People v. McDaniel*, 249 Ill. App. 3d 621 (1993)), as did the supreme court (*People v. McDaniel*, 164 Ill. 2d 173 (1995)).

¶ 5     Some 18 years after his sentencing, defendant filed a petition pursuant to section 2-1401 of the Code, alleging that his sentence was void. The trial court dismissed the petition. Defendant appealed, contending that the failure of the sentencing order to include a term of mandatory supervised release (MSR) made the sentence incomplete, that adding a term of MSR would make the term exceed the statutory maximum, and that the trial court failed to give due weight to mitigating factors. We affirmed the dismissal, holding that MSR was implicitly included in his sentence, which was within the statutory range, and that the trial court's decision on the discretionary matter of the weight given to mitigating circumstances was not subject to challenge on voidness grounds. *People v. McDaniel*, 2013 IL App (2d) 110931-U.

¶ 6    On August 25, 2014, defendant filed a second section 2-1401 petition, in which he, as in the earlier petition, asserted that his sentence was void.    In this petition, he argued that, under the provision of the Violent Crime Victims Assistance Act creating a victims' assistance fund (Ill. Rev. Stat. 1989, ch. 70, ¶ 510 (now 725 ILCS 240/10 (West 2014)), a $25 fine was a mandatory part of his sentence.    He noted that the trial court had not itself imposed the $25 fine, but that the clerk had added it to his sentence nonetheless.    He then argued that the clerk lacked the power to impose any fine, so that the fine was not actually part of his sentence.    Thus, he argued, because his sentence, viewed properly, lacked a mandatory portion, it was void.    He requested a new sentencing hearing, or, alternatively, that he be allowed to be present for the fine's imposition.

¶ 7    On September 9, 2014, with defendant not present, the trial court ruled that it could address defendant's petition by itself reimposing the fine.    It proceeded to do so.    (We use the term "reimposing" for convenience and without any implication that the clerk's attempt to impose the fine was effectual.)

¶ 8    On October 2, 2014, defendant filed a motion to reconsider and a motion for reduction of his sentence.    Defendant based his request for reconsideration solely on the trial court's reimposition of the $25 fine when he was not present in court.    As to his motion for reduction of his sentence, defendant argued that the request for reduction was timely because his sentence as a whole was not "finalized" until the trial court's reimposition of the fine.    On the merits, he argued that proper consideration of the mitigating factors that the trial court had originally considered and of his behavior in prison would lead to the conclusion that his sentence should be shorter.    The trial court ruled that the imposition of the fine was a "ministerial act" and that, as a result, the modified judgment was not a new one.    It further ruled that defendant was not entitled to have the

trial court consider his behavior in the years after his original sentencing. Defendant filed an appeal within 30 days of the trial court's ruling on his motions.

¶ 9                                          II. ANALYSIS

¶ 10    On appeal, defendant contends first that it was error for the trial court to impose the fine without admonishing him pursuant to Illinois Supreme Court Rule 605(a) (eff. Oct. 1, 2001). He argues that, even though he did file a timely motion to reconsider, this court should remand the matter to allow the trial court to reimpose the sentence with proper admonitions.

¶ 11    Defendant further contends that no final judgment existed in his case until the September 9, 2014, fine imposition. He asserts that the consequence of that was that his motion for reduction was timely as to the entirety of his sentence. On the merits, defendant argues that the trial court erred in refusing to consider his behavior during his incarceration—in other words, he argues that the trial court should have granted his motion for reduction of his sentence. He cites a series of federal cases that he describes as holding that defendants are entitled to consideration of postsentencing mitigation evidence. Alternatively, defendant argues that the imposition of the fine was an improper increase in his sentence.

¶ 12    The State has responded. It argues that defendant's claim that he should have been present on September 9, 2014, when the trial court imposed the fine was "moot" because defendant was present to argue his motion for a sentence reduction. It further argues that, in deciding such a motion, the trial court should consider only whether the sentence was proper when the trial court imposed it and thus should not consider new matters.

¶ 13    Initially, we note that we have jurisdiction of this appeal under Illinois Supreme Court Rule 304(b)(3) (eff. Feb. 26, 2010):

"The following judgments and orders are appealable without the finding [of immediate appealability] required for appeals under paragraph (a) of this rule:

\* \* \*

(3) A judgment or order granting or denying any of the relief prayed in a petition under section 2-1401 of the Code of Civil Procedure."

The trial court granted relief, reimposing the $25 fine, but did not grant the primary relief that defendant sought, a new sentencing hearing.

¶ 14    The main procedural issue here is at what stage of the proceedings the trial court's reimposition of the fine left the matter.   Defendant contends that no valid sentence existed until September 9, 2014—that that was the day on which the trial court finished imposing sentence—so that, procedurally, he had 30 days thereafter to file a standard postsentencing motion under section 5-4.5-50(d) of the Unified Code of Corrections (730 ILCS 5/5-4.5-50(d) (West 2014)).   We hold that, although the trial court did impose a new sentence, the only *new* part was the $25 fine.

¶ 15    Defendant argues that, when a piece is missing from a sentence such that it is void for failing to comply with a statutory mandate, the reason a court can add the missing piece without violating rules against increasing a sentence on reconsideration or remand is that a void sentence is no sentence at all.   Consider, for instance, *People v. Garcia*, 179 Ill. 2d 55, 73 (1997), in which our supreme court held that, where the sentence imposed was void for failure to conform to a statutory requirement, the rule against increasing a sentence on resentencing was inapplicable because any attempt to apply that rule would be "premised on the erroneous assumption that there is a valid sentence to increase."

¶ 16    The State counters that, because the flaw in defendant's sentence infected only a part of it and the necessary correction required no discretion on the trial court's part, we should treat the sentence as void only to the extent that the mandatory fine was missing.   We agree with the State.

¶ 17    We conclude that a sentence is void to the extent that it fails to comply with the relevant statutory mandates, but *only* to that extent.   Illinois courts most frequently note this rule as to sentences that exceed a statutory maximum.   For instance, in *People v. Brown*, 225 Ill. 2d 188, 205 (2007), our supreme court stated that, "while a sentence, or portion thereof, not authorized by statute is void [citation] it is void only to the extent that it exceeds what the law permits" and the "legally authorized portion of the sentence remains valid."   However, our courts recognize the rule as to sentences that have other defects.   In *People v. Donelson*, 2013 IL 113603, ¶ 15, the supreme court held that, where a statutory requirement existed that the defendant's sentences be served consecutively, the "sentences [were] void to the extent they were ordered to be served concurrently."   Thus, in the present case, defendant's sentence was void only to the extent that the fine had not been imposed properly.

¶ 18    The competing proposition, of which defendant is a proponent, is that no part of a sentence is valid while a mandatory fine is missing.   Defendant's position would require us to believe that he and others like him have spent years in prison without any enforceable sentencing order.   This proposition is absurd and untenable.   For the reasons we have stated, we conclude that the trial court validly imposed a sentence of imprisonment on defendant at the original sentencing, so that defendant's challenge to the imprisonment portion of his sentence was untimely.

¶ 19    Turning to defendant's remaining contention, we do not agree with defendant that his absence from the hearing at which the trial court reimposed the $25 fine requires us to vacate that reimposition and remand the matter so that the trial court can reimpose it with defendant present.

Illinois Supreme Court Rule 605(a) (eff. Oct. 1, 2001) provides that, upon imposing or modifying a sentence, the trial court must advise the defendant that he has the right to appeal but must preserve any sentencing issues in a motion to reconsider. We assume for the sake of argument that Rule 605(a) was applicable such that it required the trial court to admonish defendant. That is only the first step in the inquiry, as the failure to give proper Rule 605(a) admonitions requires remand "only where there has been prejudice or a denial of real justice as a result of the inadequate admonishment." *People v. Henderson*, 217 Ill. 2d 449, 466 (2005). Here, defendant suffered no prejudice. As we have suggested, the only part of defendant's sentence that the trial court might reconsider was the newly reimposed $25 sentence. But defendant had already conceded that the fine was mandatory, so no issue existed to be reconsidered. Further, defendant did file a motion to reconsider within 30 days of the judgment's entry, and he timely appealed the ruling. Defendant suffered neither prejudice nor a denial of real justice by his absence.

¶ 20                                    III. CONCLUSION

¶ 21     For the reasons stated, we affirm the trial court's disposition of defendant's petition under section 2-1401 of the Code. As part of our judgment, we grant the State's request that defendant be assessed $50 as costs for this appeal. 55 ILCS 5/4-2002(a) (West 2014); see also *People v. Nicholls*, 71 Ill. 2d 166, 179 (1978).

¶ 22     Affirmed.