### People of the State of Illinois, Appellant, v. A. A. McMurray, Appellee.

1. STATUTORY LAW—*rule of construction.* A provision or exception in a law relates only to the paragraph or distinct portion of the enactment which immediately preceded it unless a different construction be necessary to carry into effect the evident intention of the legislature in passing it, as such intention appears from the whole act.

2. COUNTIES—*paragraph 5 of section 26 of act construed.* Paragraph 5 of section 26 of chapter 34, which refers to the making out, posting and publication of an annual report, construed to require the making out and posting regardless of expense but to authorize the non-publication of such report if the expense of so doing would be unreasonable.

Action of debt. Appeal from the Circuit Court of Williamson county; the Hon. W. W. DUNCAN, Judge, presiding. Heard in this court at the August term, 1908. Reversed and remanded. Opinion filed March 4, 1909.

R. R. FOWLER, for appellant; GEORGE W. YOUNG, of counsel.

NEELY, GALLIMORE, COOK & POTTER, for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

This was an action of debt brought in the name of the people under section 41 of chapter 34 Hurd's Rev. Stat. 1905, against appellee, to recover a penalty from him for his alleged wilful neglect of duty, while he was acting as chairman and member of the board of county commissioners of Williamson county, Illinois.

The particular neglect of duty charged against appellee was the failure of the board of which he was a member to make out, post and publish at its meeting in September, 1906, a statement of receipts and expenditures for the preceding year as provided for by the fifth paragraph of section 26 of said chapter 34 of our statutes, and this suit involves a legal construction of said paragraph which is as follows:

"To make out at its meeting in September, annually, a full and accurate statement of the receipts and expenditures of the preceding year, which statement shall contain a full and correct description of each item, from whom and on what account received, to whom paid, and on what account expended, together with an accurate statement of the finances of the county at the end of the fiscal year, including all debts and liabilities of every description and the assets and other means to discharge the same; and within thirty days thereafter to cause the same to be posted up at the court house door, and at two other places in the county, and published for one week in some newspaper therein, if there is one, and the same can be done without unreasonable expense."

It appeared on the trial that appellee was a member and chairman of the county board at the September meeting, 1906; that at said time the county was from fifty to sixty thousand dollars in debt and had no funds on hand; that the question of making, posting and publishing a statement as provided by the statute above mentioned was discussed by the board

and the same was omitted for the reason that in the opinion of the board the county in its embarrassed condition was not able to bear the expense necessary to be incurred in doing the things contemplated by the statute.

It was the theory of the court below and the jury were instructed, that it was not necessary for the county board to make, post and publish the annual report, unless such work could be done without unreasonable expense; that the phrase "unreasonable expense" applies to the making out and posting of the report in like manner as it does to the publishing the same. It is apparent from a reading of the statute that the county board can omit the publication of the annual report in a newspaper, if in its judgment the publication cannot be made without unreasonable expense, and the question submitted to this court for decision is, does a proper construction of the statute also authorize the board to omit the making out and posting of the report, if in its opinion the same cannot be done without unreasonable expense.

It is a general rule of law that a provision or exception in a law relates only to the paragraph or distinct portion of the enactment which immediately precedes it unless a different construction be necessary to carry into effect the evident intention of the legislature in passing it, as such intention appears from the whole act. 26 Am. & Eng. Ency. of Law (2nd Ed.) 679 and 680. State v. Conklin, 34 Wis. 21; Hart v. Kennady, 14 Abb. Pr. (N. Y.) 432.

We are of opinion that the reasonable and obvious interpretation to be given to the fifth paragraph above referred to, is that the phrase "and the same can be done without unreasonable expense" qualifies and is limited in its application to that which immediately precedes it, viz.: "and publish for one week in some newspaper therein, if there is one."

The punctuation of the statute seems to forbid that

the proviso of limitation regarding expense should apply to the making out of the annual report. That portion of the fifth clause which provides for making out the report and directs what it shall contain is fully completed in the part which precedes the semi-colon; that portion which follows the semi-colon is devoted to giving instructions as to the manner in which the contents of the report shall be made public. Two ways of giving notice to the public are provided for, one by posting the report at the court house door and two other places in the county, and the other by publication for one week in some newspaper of the county if there is one. It might be said in reason, that the legislature could not have anticipated that there would have been an "unreasonable expense" attending the performance of so small a duty as the posting of the report at the court house door and two other places in the county, but, waiving that question, it appears to us that the ordinary and plain construction necessary to give full effect to that portion of the paragraph after the semi-colon, demands that the proviso or exception in regard to reasonable expense, should be held to apply only to the publication and not to the posting of notices.

It is also a reasonable inference that the legislature intended that if by reason of the large extent of the report or for some other good reason, the board was of the opinion that the same could not be published without unreasonable expense, such publication might be omitted, but it certainly could not have been intended by the legislature that the officers whose duty it is to disburse the money belonging to the county, should for any such reason be excused from reporting to the people of the county whose agents they are, the manner in which they have expended the money belonging to the county; and the fact that the county is largely in debt and the funds thereof exhausted, as was permitted to be shown in this case, instead of excusing the proper officers of the county from mak-

252     APPELLATE COURTS OF ILLINOIS.

Shrader v. Cleveland, C., C. & St. L. Ry. Co., 147 App. 252.

ing and posting their report, is a greater reason why the people of the county should be informed of the manner in which the revenues have been paid out.

The judgment of the trial court will therefore be reversed and the cause remanded.

*Reversed and remanded.*