(No. 34294.—

MARIAN WORLD POSLER *et al.*, Appellants, *vs.* THE PEOPLE OF THE STATE OF ILLINOIS, Appellee.

*Opinion filed May 23, 1957—Rehearing denied September 16, 1957.*

WALTER F. BOYE, of Chicago, for appellants.

LATHAM CASTLE, Attorney General, of Springfield, (WILLIAM C. WINES, RAYMOND S. SARNOW, A. ZOLA GROVES, HARRY A. ASH, and STEWART P. MULVIHILL, of counsel,) for appellee.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

This case involves the application and the validity of that part of section 1 of the Inheritance Tax Act which provides a lower rate of tax and a higher exemption when the

beneficial interest in property passes "to any person to whom the decedent, for not less than ten years prior to death, stood in the acknowledged relation of a parent * * *; provided, however, such relationship began at or before said person's fifteenth birthday and was continuous for said ten years thereafter." Ill. Rev. Stat. 1955, chap. 120, par. 375.

The beneficiaries, Marian World Posler and Richard W. World, are stepchildren of the decedent, Matilda C. World. Their own mother died June 3, 1920, and their father married the decedent on September 30, 1922. Marian's fifteenth birthday was December 25, 1920; Richard's was September 17, 1921. Both had passed their fifteenth birthday before the decedent and their father were married. The county court of Cook County affirmed an appraisal for tax purposes on the basis that the beneficiaries did not come within the statute, and this appeal followed.

In our opinion the judgment of the county court was correct. While the other conditions of the statute have been met, it is undisputed that both beneficiaries were over fifteen when the decedent married their father. To meet this deficiency the appellants point to testimony that in September of 1920, before Marian was fifteen, the decedent helped her shop for clothes and selected clothes for Richard, and that beginning shortly after their mother's death, the decedent had dinner at least once a week, and sometimes oftener, with the children and their father. These circumstances, however, fall far short of showing that decedent, prior to her marriage with the children's father, stood in the "acknowledged relation of a parent." There is no evidence that the decedent assumed any significant duties of parenthood before the children became fifteen. Nor is the fact that a wholesome and happy relationship existed between the children and their stepmother over the many years that followed her marriage to their father an effective substitute for compliance with the statute.

The appellants argue, however, that the statute is arbitrary, and so unconstitutional, insofar as it requires the relation of acknowledged parent to have commenced before the child's fifteenth birthday. The provision in question is contained in that part of the statute which deals with exemptions and rates of taxation in those cases in which the beneficiary is a lineal ancestor or descendant of the decedent, or is his husband or wife, brother or sister, or is the spouse of a child of the decedent. The case of the acknowledged child is an exception to the close ties by blood or marriage that are otherwise required to qualify for the lowest rate and the highest exemption. It is also a legislative recognition that under certain circumstances there can be a relation between adult and child that has qualities sufficiently like those that exist in the case of natural parents to warrant like treatment. The legislature described that relation as "the acknowledged relation of a parent," and laid down specific requirements as to its inception and its duration.

The appellants concede that the requirement that the relationship shall have been continuous for ten years is valid. But they contend that the requirement that the relationship must have commenced before the child's fifteenth birthday is arbitrary. We do not agree. In our opinion the legislature has the same power to fix the inception of the relation as it has to fix its duration. A legislative determination that the earlier the relationship begins the more likely it is to assume the attributes of the relation between natural parents and their children can not be said to be unreasonable. (*People* v. *Moczek*, 407 Ill. 373, 380; *People* v. *Tatge*, 267 Ill. 634, 639.) Appellant contends that a child's need for parental care and affection does not abruptly cease at fifteen and that if the legislative purpose was to prevent tax evasion by means of simulated relationships of this kind, a later age would have sufficed. But these contentions go no further than to show that an argument could

be made for selecting a different age; they do not show that the age selected is arbitrary.

Some of the assets in the decedent's estate had been owned in joint tenancy with her husband, who predeceased her. The appellants argue that she held these assets under a resulting trust in favor of the children. The record does not support this contention. There is no showing as to the source of the consideration paid for the assets in question, and there is no attempt to meet the presumption of gift that accompanies a joint tenancy between husband and wife.

The judgment of the county court of Cook County is affirmed.

*Judgment affirmed.*