*In re* ESTATE OF JOHANNA C. ZIMMERMAN, Deceased.—(THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* CLARENCE J. ZIMMERMAN *et al.*, Co-Executors of the Estate of Johanna C. Zimmerman, Defendants-Appellees.)

Fifth District   No. 77-228

Opinion filed August 4, 1978.

William J. Scott, Attorney General, of Chicago (Imelda R. Terrazino, Assistant Attorney General, of counsel), for the People.

No brief filed for appellees.

Herbert C. Loth, Jr., of Chicago (Peterson, Ross, Schloerb & Seidel, of counsel), for *amicus curiae.*

Mr. PRESIDING JUSTICE EBERSPACHER delivered the opinion of the court:

This is an appeal by the State from an order of the circuit court of St. Clair County assessing inheritance tax. The narrow question herein presented involves the application of that portion of section 1 of the inheritance tax act (Ill. Rev. Stat. 1975, ch. 120, par. 375), which provides a lower tax rate and higher exemption when the beneficial interest in property passes "* * * to any person to whom the decedent, for not less than ten years prior to death, stood in the acknowledged relation of a parent, or to any descendant of such person if that relationship began at or before such person's 15th birthday and was continuous for 10 years thereafter, * * *."

The facts in the instant case are not in dispute. Nicholas and Caroline Zimmerman had the following children: Clarence, born November 18, 1914; Elvera, born February 11, 1916; Gerald, born January 4, 1918; Marie, born February 24, 1919; and Delores, born May 10, 1926. On October 22, 1926, their mother, Caroline, died. Subsequently, on November 27, 1929, Nicholas married Johanna Zimmerman. On that date, Clarence was 15 years and 9 days of age. The other children were all under 15 years of age. Johanna thereafter undertook the parental care and guidance of her husband's five children.

Johanna died testate on March 2, 1975, leaving her property to her five stepchildren. Clarence and Gerald, as co-executors of her will, filed an inheritance tax return claiming the benefit of the lower tax rate and higher exemption provided by the cited statute, for each of the five stepchildren. The State objected only to the classification of Clarence as an "acknowledged child" on the grounds that he had attained the age of 15 years, nine days before the marriage of Nicholas and Johanna and thus did not come within the statute. The lower court ruled against the State's objection and this appeal follows.

On appeal the State contends that the statute's conditions—"if that relationship began at or before such person's 15th birthday and was continuous for 10 years thereafter"—are applicable both to the "person to whom the decedent * * * stood in the acknowledged relation of a parent" as well as to the "descendant of such person." In short, that both the acknowledged child and any descendant of such child must meet the conditions in order to be entitled to the highest benefits of the statute. Of course, our factual situation in the instant case does not involve any descendant of an acknowledged child.

The appellee co-executors of the estate have failed to file a brief in this appeal. However, by leave of this court, an incisive brief in opposition to the construction of the statute advanced by the State, has been filed by an *amicus curiae.*

In support of its contention, the State relies on *Posler v. People* (1957), 11 Ill. 2d 557, 144 N.E.2d 589, wherein our supreme court construed a predecessor to the instant statutory provision. In that case, the beneficiaries were stepchildren of the decedent and had both passed their 15th birthday before the decedent married their father. As in the instant case, the court found that there was no question that the parent-child relation had existed for well over 10 years. The court held, however, that the stepchildren were not entitled to the highest benefits of the statute, finding that the statute required that the parent-child relation must have commenced at or before the acknowledged child's 15th birthday.

Subsequent to *Posler*, in 1967, the General Assembly amended the statute to its present form, as here applicable. The State argues that the changes made by the legislature were "slight" and did not effect a change in the substance of the provision or intent of the legislature as construed by the court in *Posler*. We cannot agree.

Prior to 1967, the statute provided a lower tax rate and higher exemption, in part:

> "* * * to any person to whom the decedent, for not less than ten years prior to death, stood in the acknowledged relation of a parent, or to any descendant of said person; *provided, however, such* relationship began at or before said person's fifteenth birthday and was continuous for said ten years thereafter." (Emphasis added.) (Ill. Rev. Stat. 1965, ch. 120, par. 375.)

This language was amended as follows:

> "* * * to any person to whom the decedent, for not less than ten years prior to death, stood in the acknowledged relation of a parent, or to any descendant of such person *if that* relationship began at or before such person's 15th birthday and was continuous for 10 years thereafter." (Emphasis added.) (Ill. Rev. Stat. 1967, ch. 120, par. 375.)

The emphasized portions reflect the pertinent amendment made.

■■ It is presumed that the legislature in materially amending a statute intended to effect a change in the law as it formerly existed. (*Continental Illinois National Bank & Trust Co. v. Illinois State Toll Highway Com.* (1969), 42 Ill. 2d 385, 251 N.E.2d 253; *Livingston v. Meyers* (1955), 6 Ill. 2d 325, 129 N.E.2d 12.) Where a statute is amended, it will not be presumed that the difference was due to oversight or inadvertence on the part of the legislature, but that every amendment of a statute is made for some purpose, and effect must be given the amended law in a manner consistent with the amendment. *McLaughlin v. People* (1949), 403 Ill. 493, 87 N.E.2d 637.

■■ In the prior provision, the semi-colon and the proviso "provided, however," clearly made the conditions following the proviso applicable

to both the acknowledged child and any descendants of the child. (*Posler v. People.*) We find that by removing the semi-colon and the original proviso, and by substituting the words "if that," the legislature intended the conditions of eligibility to apply only to descendants of an acknowledged child. Generally, a proviso in a statute relates only to that portion which immediately precedes it, unless a different construction is necessary to carry out the clear intent of the legislature. (*Stevens v. Illinois Central R.R. Co.* (1922), 306 Ill. 370, 137 N.E. 859; *People v. McMurray* (1909), 147 Ill. App. 248.) Of course, in determining the intent of the legislature, the primary source is the language employed in the statute, and where such is certain and unambiguous, the proper function of the courts is to enforce the statute as enacted. (*General Motors Corp. v. Industrial Com.* (1975), 62 Ill. 2d 106, 338 N.E.2d 561.) The language employed in the present statute is plain and unambiguous. We can read the amendment no other way but as having expanded the breadth of eligibility of otherwise qualified acknowledged children to include those who were over the age of 15 at the time the parent-child relation began. We find significant support for this view in the fact that the legislature changed the very language which was the subject of judicial interpretation and construction in *Posler*. Where, after a statute has been construed and interpreted, the legislature makes a substantial change in the statute, a legislative intent becomes thereby evident to establish a rule different from that announced by the courts. (*Dworak v. Tempel*, 18 Ill. App. 2d 225, 152 N.E.2d 197, *aff'd* (1959), 17 Ill. 2d 181, 161 N.E.2d 258.) Although the State characterizes the 1967 amendment as "slight," we nonetheless find it sufficient to clearly evidence a significant departure in substance and legislative intent.

■■ Accordingly, although Clarence was nine days over the age of 15 at the time of the marriage of Nicholas and Johanna, he was nonetheless entitled under the instant statute to the benefits therein provided for an acknowledged child.

For the foregoing reasons, the order entered by the circuit court of St. Clair County is affirmed.

Affirmed.

G. J. MORAN and KARNS, JJ., concur.