*In re* MARRIAGE OF RUTH M. COHN, Petitioner-Appellant, and STUART COHN, Respondent-Appellee.

Second District    No. 80-148

Modified opinion filed on rehearing April 20, 1981.

Gomberg & Schaps and Vincent F. Vitullo, both of Chicago, and Ivan H. Tepper, of Ori, Tepper, Lang & Fox, of Waukegan, for appellant.

Peter F. LoMonaco and Stephen H. Katz, of Rawles, Katz & McKeown, and Rosing, Carlson & Magee, all of Waukegan, and James T. Friedman, Owen L. Doss, and Douglas P. Maloney, all of McDermontt, Will & Emery, of Chicago, for appellee.

Mr. JUSTICE UNVERZAGT delivered the opinion of the court:

This appeal is from an order of the circuit court of Lake County denying the motion to vacate a judgment of dissolution of marriage. The threshold question is whether judgment dissolving a marriage but reserving property disposition, maintenance and child custody issues for future consideration is a "final judgment" within the meaning of Supreme Court Rule 304(a) (Ill. Rev. Stat. 1979, ch. 110A, par. 304(a)).

On May 1, 1979, Ruth M. Cohn filed a petition to dissolve her marriage to Stuart Cohn. An uncontested hearing on grounds was held on May 14, after which the trial judge made the following oral pronouncement:

> "The Court will find sufficient evidence to establish the grounds of extreme and repeated mental cruelty without cause or provocation by the petitioner and enters judgment of dissolution instanter.

The Court orders that the transcript be made a part of the file. This matter will be continued for disposition of property and custody to be determined by hearing or agreement to be brought up on notice for the same."

The docket sheet entry for May 14 shows the following:

"Hearing on petition and response—court finds sufficient evidence to establish extreme and repeated mental cruelty without provocation of petitioner—cause continued to property disposition, child custody and support, maintenance, etc. upon hearing or agreement to be brought up on notice for entry of judgment (See order)."

The order signed by the judge appears to be a standard order form which included blank spaces for filling in the specifics. The order was as follows, the underlined portions designating the words which were handwritten in the blank spaces:

"This cause coming on to be heard in open court on petition and reply heretofore filed herein and the court having heard evidence and being now fully advised in the premises, finds sufficient evidence to establish extreme and repeated mental cruelty without cause or provocation on behalf of the petitioner.

It is thereupon ordered by the court that said cause be and the same is hereby continued to property disp., custody & maint. either by hearing or agreement to be brought up on notice for entry of judgment."

On December 12, 1979, Stuart Cohn filed a motion requesting the court "to enter the attached judgment for dissolution of marriage in accordance with the proceedings which were held on May 14, 1979." The proposed judgment included the notation "ENTERED NUNC PRO TUNC May 14, 1979." On the same day, Ruth Cohn filed a response to the motion, alleging that she and respondent had resumed cohabitation as husband and wife following the May 14 hearing, that she became pregnant as a result, and was then six months pregnant. She stated she relied upon representations of the respondent, upon which she resumed cohabitation with him, and moved the court to vacate and hold for naught the proceedings and testimony held on May 14, 1979, and requesting that all testimony, hearing and evidence be expunged from the record.

The court entered the following order on December 12, 1979:

"ON MOTION OF Stephen H. Katz Attorney for Respondent to enter judgment herein and the court having considered the transcript of proceedings on May 14, 1979 and having heard the arguments of counsel and being fully advised in the premises,

It is hereby ordered that the Motion to enter the Judgment of Dissolution of Marriage is allowed.

Petitioner is allowed thirty (30) days from this date to file Petition to Vacate and supporting Memorandum of law."[1]

The court also signed the judgment of dissolution which had been submitted by respondent and which included the notation "NUNC PRO TUNC May 14, 1979." Petitioner timely moved to vacate the judgment, alleging the court had no authority to enter a judgment of dissolution before the maintenance, child support and other property rights were determined; that the court had no authority to enter the judgment *nunc pro tunc* May 14, 1979; and that the court erred in not making an express written finding that there was no just reason for delaying enforcement or appeal. The motion was denied on January 31, 1980, and the trial court expressly found that there was no just reason for delaying enforcement or appeal.

Appellant argues three basic propositions in the alternative. First, the trial court committed reversible error by entering judgment on December 12, 1979, *nunc pro tunc* May 14, 1979, because under the facts of this case such a procedure violated the provisions of Illinois Supreme Court Rules 271 and 272. Second, the respondent is barred from seeking a judgment of dissolution on the record in this case because of principles of estoppel and because he failed to produce any evidence that there were grounds for dissolution "without provocation" on his part. Third, the trial court lacked the authority to dissolve the marriage in this case before adjudicating all of the issues in the lawsuit, and, even if there were statutory authorization, the exercise of that authority in this case was an abuse of discretion.

As noted above, and despite the fact that neither party to the appeal has raised the issue, the threshold question we must determine is whether we have jurisdiction to consider this appeal, *i.e.*, is a judgment dissolving a marriage but reserving property disposition, maintenance, and child custody issues for future decision a "final judgment" within the meaning of Supreme Court Rule 304(a)? Section 413(a) of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1979, ch. 40, par. 413(a)) seemingly answers this question because it provides:

"A judgment of dissolution of marriage or legal separation or of declaration of invalidity of marriage is final when entered, subject to the right of appeal. An appeal from the judgment of dissolution of marriage that does not challenge the finding as to grounds does not delay the finality of that provision of the

---

[1] On December 19, 1979, Stuart Cohn filed a petition for temporary custody and exclusive possession of the marital home alleging *inter alia* that during the prior six weeks Ruth Cohn had conspired to have him murdered and that criminal charges against her were pending. We have not been afforded a transcript of the December 12 hearing and thus do not know whether the judge was cognizant of Mrs. Cohn's conduct prior to entry of the order. Consequently, we do not consider what effect, if any, such knowledge may have had on the court's decision.

judgment which dissolves the marriage, beyond the time for appealing from that provision, and either of the parties may remarry pending appeal. An order directing payment of money for support or maintenance of the spouse or the minor child or children shall not be suspended or the execution thereof stayed pending the appeal."

However, the supreme court in *In re Marriage of Lentz* (1980), 79 Ill. 2d 400, recently considered the import of section 413(a) on the finality and appealability of a judgment of dissolution which reserves questions of maintenance and property division for future court action. The court there noted that it had previously held that responsibility for rules governing appeals lies with the supreme court and not with the General Assembly. (*People ex rel. Stamos v. Jones* (1968), 40 Ill. 2d 62, 66.) In keeping with the supreme court's self-stated duty to interpret a statute in such a manner as to promote its essential purpose and to avoid, if possible, a construction which would raise doubt as to its validity (*Stubblefield v. City of Chicago* (1971), 48 Ill. 2d 267, 271), the court in *Lentz* determined that the appropriate construction of section 413(a) is that an appeal from a judgment of dissolution may be taken if the order is indeed appealable as a matter of right (Ill. Const. 1970, art. VI, §6), or by virtue of a supreme court rule (*i.e.*, Rules 304, 307, or 308) (Ill. Rev. Stat. 1979, ch. 110A, pars. 304, 307, 308). Without deciding whether a judgment of dissolution which reserves matters of maintenance and property division for future court action was a final or interlocutory judgment, the supreme court determined that since the judgment reserved the other issues in controversy, it clearly disposed of fewer than all of the claims. Therefore the judgment, whether final or interlocutory, was not appealable because the requisite finding by the trial court pursuant to Rule 304, to wit, "\* \* \* that there was no just reason to delay enforcement or appeal," was missing. Accordingly, the trial court's dismissal of the appeal for lack of jurisdiction was affirmed.

The *Lentz* court pointed out, however, citing *Martino v. Barra* (1967), 37 Ill. 2d 588, 594-95, *inter alia*, that even the recitation of the necessary Rule 304 language would not suffice to confer appellate jurisdiction if, in fact, the judgment appealed from was not final. Unlike *Lentz*, the requisite Rule 304 language is present in the case at bar and we must therefore consider directly whether such a judgment is "final." Before beginning our discussion, we wish to note that in his specially concurring opinion in *Lentz*, Mr. Justice Ward stated he also would affirm the appellate court's dismissal of that appeal, but for the reason that the deferred issues were not separate "claims" within the meaning of Rule 304(a), nor did the appeal qualify under the interlocutory rules. In support of his opinion, Justice Ward cited *Ariola v. Nigro* (1958), 13 Ill. 2d 200,

and *Davis v. Childers* (1965), 33 Ill. 2d 297. He likened the *Lentz* judgment of dissolution with deferred issues to the *Davis* judgment of personal injury liability where the issue of damages was deferred. The court in *Davis* held that the judgment of liability alone was not final, hence not appealable, despite the lower court's inclusion there of the appropriate Rule 304 language.

■■ In considering whether the various issues of the case at bar (grounds for dissolution, property disposition, maintenance, and child custody) amount to "claims" within the meaning of Supreme Court Rule 304, we are guided by the *Ariola* court's interpretation of section 50(2) of the Illinois Civil Practice Act (Ill. Rev. Stat. 1957, ch. 110, par. 50(2)), which was supplanted by Supreme Court Rule 304(a) without substantive change. The court there stated:

> "The language of section 50(2), as well as the comments of the committee which drafted it, indicate that a flexible and reasonable meaning was intended for the 'claims' to which the section refers. The section itself speaks in terms of a final judgment or decree that adjudicates less than 'all the claims *or* rights and liabilities,' (emphasis supplied,) and upon two occasions the advisory committee comments that its provisions are to take effect when there is a final judgment adjudicating fewer than 'all the matters involved.' (Smith-Hurd Anno. Stat., Perm. Ed. chap. 110, sec. 50(2), Joint Committee Comments.) From the language used, it would appear that the drafters were aware of the confusion and uncertainty attending a test for multiple claims under the Federal rule and expressly sought to avoid it. Most certainly it is not reasonable to assume there was any intention to engraft the uncertainties of Federal procedure in this area into our own.
>
> * * * Looking to the purpose of the section, in light of the committee's comments, we are of the opinion that section 50(2) was intended to apply wherever a final judgment or decree determines fewer than all the rights and liabilities at issue, * * * [T]he section is not one which either curtails or grants appellate jurisdiction, but is one which fixes the procedure in the trial court as to the conditions affecting the terms upon which an appeal may be taken in advance of a determination of the entire case." 13 Ill. 2d 200, 206-07.

Additionally, we approve of the finding in the case of *In re Marriage of Nilsson* (1980), 81 Ill. App. 3d 580, which opinion was filed approximately one month prior to the supreme court's decision in *Lentz. Nilsson* was an appeal from a judgment of dissolution of marriage which reserved judgment on the matters of property apportionment, child support, child custody, educational expenses and maintenance. The trial court's judg-

ment there also was that " 'pursuant to Illinois Supreme Court Rule 304, this is a Final Order and that there is no just reason for delaying the enforcement of this Order or for delaying appeal.' " (81 Ill. App. 3d 580, 582.) In determining the preliminary question of appellate jurisdiction, the court in *Nilsson* concluded that the judgment of dissolution reserving other issues and claims between the husband and wife was not appealable as a matter of constitutional right, but was final for the purposes of Supreme Court Rule 304 because it contained the necessary Rule 304 finding, and it terminated the dispute between the litigants with regard to the separable claim of the existence of sufficient statutory grounds for dissolution of a marriage. " '[O]nly an order which terminates the litigation on the merits so that, if affirmed, the trial court has only to proceed with execution is a final order.' " (*Nilsson*, 81 Ill. App. 3d 580, 584, citing *Myers v. Myers* (1977), 51 Ill. App. 3d 830.) According to section 413(a) of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1979, ch. 40, par. 413(a)), so long as the grounds for the judgment of dissolution are not challenged on appeal, either of the parties may remarry pending an appeal of the judgment. A judgment of dissolution affects the legal status which previously existed between the parties and is enforceable regardless of later determinations made by the court with respect to property disposition, custody, etc. In contrast, the inclusion of Rule 304 language ("no just reason to delay enforcement or appeal") in a judgment of personal injury liability without an attendant determination of damages, such as was the case in *Davis v. Childers* (1965), 33 Ill. 2d 297, would be relatively meaningless, since a mere finding of liability is not susceptible to enforcement. We concur in the *Nilsson* holding on the jurisdiction issue, and conclude the judgment finding that grounds were proved for dissolving the Cohn marriage was final for purposes of Supreme Court Rule 304(a).

■■ We note, however, that the first appealable order was the January 31, 1980, denial of the motion to vacate the *nunc pro tunc* order, because it contained the necessary language to the effect that there was no just reason for delaying enforcement or appeal. The May 14, 1979, order of dissolution was not appealable, nor was the December 12, 1979, order appealable, because neither contained this language. Thus, petitioner's timely appeal from the January 31, 1980, order preserved for appellate review each of the rulings referred to. *Burtell v. First Charter Service Corp.* (1979), 76 Ill. 2d 427, 433.

We hold that the trial court lacked statutory authority to enter the order of dissolution on either May 14 or December 12 and thus find it unnecessary to rule on whether the entry of the *nunc pro tunc* order was proper.

Section 401(3) of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1979, ch. 40, par. 401(3)) provides:

> "Such judgment shall not be entered unless, to the extent it has jurisdiction to do so, the court has considered, approved, reserved or made provision for child custody, the support of any child of the marriage entitled to support, the maintenance of either spouse and the disposition of property."

The court's authority to grant a dissolution of marriage is entirely statutory in origin and nature, and the court's authority is limited thereby. (*Strukoff v. Strukoff* (1979), 76 Ill. 2d 53; *Nardi v. Segal* (1967), 90 Ill. App. 2d 432.) The appellee in *In re Marriage of Nilsson* (1980), 81 Ill. App. 3d 580, argued that the language in section 401(3) "to the extent it has jurisdiction to do so" and "reserved" pertains to the situation where the trial court may only have limited personal jurisdiction, such as no personal jurisdiction over one party, and is therefore unable to enter orders of support, maintenance and property disposition against such absent party. In such a situation, the appellee argued, the reservation of those issues is proper until personal jurisdiction over the absent party can be obtained with the judgment of dissolution nonetheless still being a final order on the issue determined therein. The appellee further argued, though, that where (as in the case at bar) there is full personal jurisdiction over all parties, the entry of a judgment of dissolution which reserves the remaining questions of maintenance, support, property disposition, etc., was not contemplated by the statute. The court in *Nilsson* agreed with this construction of the statute. The *Nilsson* court's concern at that point, however, was with the finality and appealability of the judgment; our concern at this juncture is with limitations on the trial court's authority to enter a judgment under the provisions of section 401(3). Nonetheless, we find such an argument persuasive in this instance also, and we perceive such a construction to be consistent with the intent of the statute.

■■ Section 401(3) was derived from section 302(a)(4) of the Uniform Marriage and Divorce Act (9A Uniform Law Annotated §302(a)(4) (1979)). Both the uniform act and the Illinois act contemplate entry of a judgment of dissolution and a reservation of questions of child custody, support, maintenance or property disposition only under appropriate circumstances. "Appropriate circumstances" would be where the court does not have *in personam* jurisdiction over the respondent, or inability of a party to pay child support or maintenance if so ordered, or where the court has set aside an adequate fund for child support pursuant to section 503(d) (Ill. Rev. Stat. 1979, ch. 40, par. 503(d)), or where the child or children of the parties do not reside with either parent. (Ill. Ann. Stat., ch. 40, par. 401(3), Historical and Practice Notes, at 105 (Smith-Hurd 1980).)

This list of "appropriate circumstances" is not intended to be exclusive; however, there is no indication in those historical notes that "appropriate circumstances" may be totally absent.

■■ The circumstances of this case do not provide the "appropriate circumstances" for dissolving the marriage before adjudicating the other issues involved. In the absence of such appropriate circumstances, the court is without authority to enter a judgment of dissolution unless the court has either "approved" an agreement between the parties as to these matters, or "considered" them to the extent it could refuse to make any award if such a result is justified or has made an allotment as the facts require. Once judgment has been entered on these matters, the court has "made provision" for them and the judgment of dissolution may be entered. Ill. Ann. Stat., ch. 40, par. 401(3), Historical and Practice Notes, at 105 (Smith-Hurd 1980).

■■ While the prerequisites to a judgment of dissolution set forth in section 401(3) are mandatory, not discretionary, these provisions do not operate to limit the subject matter jurisdiction of the trial court. That is conferred by article VI, section 9 of the Illinois Constitution and the Illinois Marriage and Dissolution of Marriage Act, the latter of which in section 413(a) provides: "A judgment of dissolution of marriage * * * is final when entered, subject to the right of appeal." Although the provisions of section 401(3) are mandatory, they do not present a jurisdictional requirement in the sense they cannot be waived (see *In re Custody of Charles Sexton* (1981), 84 Ill. 2d 312), and petitioner did not do so in this case. Here petitioner has made timely objections; therefore, she has not waived the mandatory requirements of section 401(3).

We need not decide whether the factual allegations in petitioner's motion to vacate would require that the dissolution judgment be vacated, inasmuch as we have held that the dissolution judgment has been improperly entered.

Accordingly, the petitioner's motion to vacate the judgment of dissolution *nunc pro tunc* May 14 on the ground the court lacked statutory authority to do so should be granted. The trial court's denial of the motion is reversed, the judgment of dissolution is vacated, and the cause is remanded for further proceedings consistent with this opinion.

Judgment reversed; judgment of dissolution vacated; cause remanded.

SEIDENFELD, P. J., and NASH, J., concur.